H. D. CARRIER *v.* J. JONES, J. M. CRATON, JOHN GILKEY and M. H. KILPATRICK, Adm'r &c.

A, the holder of a promissory note given by H, and indorsed by B and others, gave B a receipt, not under seal for $23.90, and stating therein, that it was for "his B's part of a note I hold on H" : *Held,* That such receipt was no release to B from his liability to pay the balance of the note, nor did it operate to release any other indorser from such liability.

(*Russell* v. *Adderton* et al., 64 N. C. Rep. 417, cited and approved.)

CIVIL ACTION, tried before *Logan, J.,* at the Fall Term, 1872, of the Superior Court of RUTHERFORD county.

The suit originally was brought in a Justice's Court on a note for $100, given by one Hamilton to the Trustees of the Methodist Church at Rutherfordton, the payment of which had been guaranteed by the defendants. The plaintiff, who now is the party in interest, recovered before the Justice, and the defendants appealed to the Superior Court.

On the trial below, it appeared that the note sued on was of the following tenor :

"On the 1st of January, 1860, I promise to pay to the Trustees of the Methodist Church in Rutherfordton, one hundred dollars.    Nov. 12th, 1859.

BENJ. HAMILTON."

On this note was the following indorsement, signed by the defendants and others, to-wit: "We make ourselves responsible to the within note.    March 1st, 1860."

The following credits were likewise indorsed thereon : "Received of John Gilkey, twenty-three dollars and ninety cents, his part of the within note.    April 6th, 1866."    And "Received of James Kilpatrick, twenty-four dollars and eighteen cents, his part of the within note.    July 8th, 1866."

The defendants relied upon the indorsement of these credits and upon receipts for the sums paid, in the following words, &c.    "Received of James Kilpatrick, $24.18, in full for his part of the Hamilton parsonage note, July 8th,

1867," signed, " H. D. Carrier ;" and "Received of John Gilkey twenty-three dollars and ninety cents, his part of the note I hold on B. Hamilton, which he assigns to me, going to the Methodist Church.   April 6th, 1867.   H. D. Carrier."

In answer, the plaintiff denied discharging any one from responsibility on the note, and disclaimed any intention of discharging any one, and offered to prove that the defendants were members of the Methodist Church, and the note was given in part payment for a parsonage lot; that the plaintiff made a calculation of the amount of each of the guarantors, who were considered solvent at the time the credits were made, ought in justice to pay, and that he expected to collect the note without suit or trouble ; that he had no intention of discharging any of the parties.   This evidence was objected to and ruled out by his Honor. Plaintiff excepted.

There was a verdict against the defendants, Jones and and Craton, under his Honor's instructions to the jury, and in favor of Gilkey and Kirkpatrick, finding that the receipts above set out fully discharged them, but did not operate as a discharge in favor of Jones and Craton.   Judgment of the Court accordingly, from which judgment the defendants, Jones and Craton, appealed.   Plaintiff also appealed.   See *post.*

*Argo & Harris* and *Dupre,* for appellant.
No counsel in this Court for plaintiff.

BOYDEN, J.   Jones and Craton plead that they have both been released and discharged by the plaintiff, and they rely upon the following two receipts to establish this defence. The receipt of Gilkey is as follows :

"Received of John Gilkey, twenty-three dollars and ninety cents, his part of a note I hold on B. Hamilton, which he

assigned to me going to the Methodist Church, 6th April, 1869.

(Signed,)　　　　　　　　　　　　H. D. CARRIER."

The other receipt is in these words :

"Received of James Kirkpatrick, twenty-four dollars and eighteen cents, in full for his part of the Hamilton parsonage note, July 8th, 1867.

(Signed,)　　　　　　　　　　　　H. D. CARRIER."

These two receipts are not releases, as they are not under seal, neither are they covenants not to sue, for the same reason. So the defendants have both failed in establishing their plea of release and discharge. *Russell* v. *Adderton* et. al., 64 N. C. Rep. 417.

These receipts do not purport even to release the parties to whom they were given ; they are mere statements of the amount paid by Gilkey, and Kirkpatrick's intestate ; the sum. paid by each being what was then estimated to be the aliquot part each of the solvent guarantors would have to pay to discharge the note. There is no promise not to sue the parties to whom these receipts were given, and if such promise had been made in the receipts, they not being under seal, would not have discharged the parties to whom they were given, as the promise would clearly have been without consideration, and therefore void. In this case, it will be remembered that the debt was over due at the time of the payment, and that each one was liable not only to pay what he did, but also to pay the balance of the debt then due. Had the debt not then been due, the case might have been different ; and if the plaintiff had accepted a horse estimated at so many dollars, though less than the sum due, in discharge of the whole debt, then this acceptance of a horse or of any other article of property, could have been pleaded as an accord and satisfaction. But it is well settled in our State, that the payment in money of a sum less than the amount then due, although receipts are in the language

used in these receipts, does not discharge the parties to whom they are given, nor the other guarantors, but all are still liable to pay the balance due on the note. This is decisive of the case against Jones. Kirkpatrick did not appeal.

The judgment against Jones is affirmed, with costs.

This will be certified.

PER CURIAM.                              Judgment affirmed.